UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                   Criminal Case No. 11-20752

D-2 Vince Shivers,                 Honorable Sean F. Cox

    Defendant.
_____/

## ORDER DENYING DEFENDANT SHIVER'S
## MOTION FOR RECONSIDERATION OF ORDER REVOKING BOND

In this case, Defendant Shivers is charged with: 1) Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, Cocaine, and Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) & 846 (Count I); and 2) being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

Magistrate Judge Laurie Michelson ordered Shivers released pending trial, on an unsecured $10,000.00 bond. (Docket Entry No. 81). Among the conditions of his release were that Shivers "must not violate any federal, state or local law while on release." (*Id*.).

While out on bond, however, Shivers was charged with additional drug offenses. Case No. 12-30281 was initiated by way of a criminal complaint on May 7, 2012.

Thereafter, the Government filed a motion to revoke Shiver's bond in this case. (Docket Entry No. 133). The Government's motion stated that this case is a "presumption case" because there is probable cause to believe that Shivers committed an offense under the Controlled Substances Act that has a maximum penalty of 10 years or more. The Government's brief further stated: (Indeed, Shivers is eligible for two enhancements pursuant to 21 U.S.C. §

841(b)(1)(A) and § 851, which **if filed**, *mandate* a life sentence.)" *Id*. at 8. (Italics in original, bolding for emphasis). The Government asserted that Shivers cannot rebut that presumption because he has continued to engage in criminal conduct while out on bond. (*Id*. at 8, stating that because Shivers has not stopped his involvement in criminal activity, "even while on bond, he is a danger to the community and should be detained.").

The Court held a hearing on the motion on May 23, 2012. The Court noted on the record, and Defense Counsel acknowledged, that this is a presumption case and therefore it is Shiver's burden to rebut the presumption by showing that there is a condition or combination of conditions that will reasonably assure Defendant's appearance and "the safety of other individuals in the community, i.e., he will not go out and engage in further criminal activity." (*See* 5/23/12 Hrg. Tr. at 7-8). Shivers had the opportunity to present evidence and argument in support of his position that there is a combination of conditions that will reasonably assure Defendant's appearance and the safety of the community.

This Court ultimately determined that Shivers failed to provide sufficient evidence to overcome the statutory presumption. (Docket Entry No. 137 & 138). Specifically, this Court found that there is a serious risk that the defendant will endanger the safety of another person or the community. That determination was based on the fact that, while out on bond, Shivers was charged with additional drug offenses.

Accordingly, on May 23, 2012, this Court revoked Shivers' bond and ordered him detained pending trial.

On July 6, 2012, Shivers filed the instant Motion for Reconsideration of Order Revoking Bond. (Docket Entry No. 139). In this motion, Shivers acknowledges that motions for reconsideration must be filed within 14 days after entry of the order being challenged and that

more than 14 days have passed since this Court revoked Shivers' bond. Thus, the motion is untimely. Shivers contends, however, that this Court should reconsider its order revoking bond based on "newly discovered evidence." (*Id*. at 2). Shivers contends that the "criminal history relied upon by the Government" at the May 23, 2012 hearing "is unreliable and therefore should be disregarded" by this Court. (*Id*.). Shivers alleges that the Government's statement that Shivers is subject to a third felony enhancement is not accurate. Shivers requests that he be granted another evidentiary hearing on the issue of bond "based upon this newly discovered evidence that could result in a different disposition on the issue of bond." (*Id.* at 3).

The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument.

The Court shall deny this motion because the alleged "newly discovered evidence" only goes to the accuracy of Defendant's criminal history and/or whether he is subject to a third felony enhancement. As Shivers' motion acknowledges, this is still a presumption case. Shivers had the opportunity on May 23, 2012, to present evidence and argument in support of his position that there is a combination of conditions that will reasonably assure Defendant's appearance and the safety of the community. But this Court concluded that he failed to meet his burden. Moreover, this Court's decision to revoke Shivers' bond was *not* based on prior convictions, nor was it based on whether or not Shivers was subject to a third felony enhancement. Rather, this Court found that there is a serious risk that the defendant will endanger the safety of the community based on the fact that, while out on bond in this case, Shivers was charged with additional drug offenses.

Accordingly, IT IS ORDERED that Shivers' Motion for Reconsideration of Order

Revoking Bond is DENIED.

    IT IS SO ORDERED.

                                                        S/Sean F. Cox
                                                        Sean F. Cox
                                                        United States District Judge

Dated: July 12, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 12, 2012, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager