UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

TRENT OBAMWONYI,

        Defendant.
                                             /

Case No. 11-20752-06

Honorable Sean F. Cox
United States District Judge

## ORDER OF REVOCATION AND DETENTION

In this action, Defendant Trent Obamwonyi ("Defendant") was charged with Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, Cocaine, and Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) & 846. (Indictment, Docket Entry No. 3).

Pursuant to an Order Setting Conditions of Release issued by Magistrate Judge Steven Whalen on January 20, 2012, Defendant was released on an unsecured bond with a number of conditions. Those conditions include that Defendant shall "refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner" and that Defendant shall submit to drug testing. (Docket Entry No. 101, Order Setting Conditions of Release).

On September 11, 2012, the Pretrial Services Officer filed a Petition for Action on Conditions of Pretrial Release, advising the Court that Defendant tested positive for marijuana on August 23, 2012 and recommending that the Court hold a bond review hearing so that Defendant

1

can answer the allegation in the petition. This Court ordered Defendant to appear for a Bond Review Hearing on September 26, 2012 at 3:00 p.m. (Docket Entry No. 143).

The circumstances where a person released under 18 U.S.C. § 3142 is charged with violating the conditions of his or her release is governed by 18 U.S.C. § 3148. If a person is found to have violated the conditions of release, that person can have their release revoked and an order of detention can be entered.

Where such an allegation is made, a hearing should be conducted and if, after the hearing, it is determined that (1) there is probable cause to believe that a crime has been committed or (2) clear and convincing evidence that another violation has been committed, <u>and</u>, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, <u>or</u>, the person is unlikely to abide by any condition or combination of conditions of release, the person "shall" be detained. § 3148(b)(1) and (2). Additionally, if there is probable cause to believe that the person has committed a felony while on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of any other person or the community. *Id*.

At the bond revocation hearing held on October 1, 2012, the Government / Pretrial Services Officer moved for the detention of the Defendant based upon his continued marijuana usage contrary to the conditions of his release.

At the hearing, the Defendant requested that the Court not revoke his release and enter an order of detention. He asserted that he currently has a full time job, and that if this Court were to deny the Petition for Action, he would have sufficient time to clean-up his drug problem.

After hearing the testimony and considering all of the circumstances of this matter, the Court finds by clear and convincing evidence that Defendant has wilfully failed to abide by the conditions of his release by continuing to test positive for marijuana use. The Court further finds that Defendant is unlikely to abide by the conditions of bond in the future.

**IT IS THEREFORE ORDERED** that the bond previously set in this matter is **REVOKED** and that Defendant is hereby remanded to the custody of the United States Marshal.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 1, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 1, 2012, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager