UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.                                          Case No. 11-cr-20752

Orlando Gordon, et al.,                Sean F. Cox
                                             District Court Judge

        Defendants.
_____/

**ORDER
DENYING DEFENDANTS' (1) MOTION TO REASSIGN CASE TO JUDGE
PRESIDING OVER COMPANION CASE [DOCKET NO. 161]; (2) MOTION TO
EXTEND MOTION CUT-OFF, PLEA CUT-OFF, AND TRIAL DATES [DOCKET NO.
162]; (3) MOTION FOR STAY OF PROCEEDINGS [DOCKET NO. 232]**

On November 16, 2012, Defendants Orlando Gordon and Benjamin Carter filed a motion, titled "Motion to Reassign Case to Judge Presiding Over Companion Case," [Docket No. 161] requesting that this Court reassign this matter to District Court Judge George Caram Steeh and/or District Court Judge Avern Cohn because they were assigned two forfeiture cases arising out of the execution of the search warrants in this action. *See United State v. Currency $516,366, et al*, (Case No. 08-CV-12575); *United States v. Assorted Jewelry Valued at $28,500, et al.,* (Case No. 11-CV-13073). In support of their motion, the Defendants contend that Case No. 08-12575 and Case No. 11-13073:

> arise[] out of the same transactions as the instant criminal indictment; further, substantially similar evidence will be offered at the trial in each of these cases; and the same or related parties are present. Further, these two cases present common legal issues, specially the challenge to the lawfulness of the search warrants which were issued and executed on or about February 11, 2008[,] [and March 8, 2008]. For these reasons the instant criminal indictment[s] qualif[y] as a Companion Case to the

1

earlier forfeiture case[s], No. 08-12575 [and No. 11-13073], as that term is defined in [the Eastern of District of Michigan's Local Rules] . . . 57.10(b)(4) and . . . 83.11(b)(7).

(Docket No. 161, at 2–4, ¶¶ 8, 12.)

On December 11, 2012, Defendants Orlando Gordon, Darnell Easterling and Benjamin Carter filed a motion titled, Motion for Stay of Proceedings, requesting that this Court stay the proceedings because this Court has not filed a briefing schedule for the motion to reassign this case or scheduled a date for a hearing on the motion to reassign. (Docket No. 232, at 1.)

On November 16, 2012, Defendants Orlando Gordon and Benjamin Carter filed a Motion to Extend Motion Cut-Off, Plea Cut-Off, and Trial Dates. (Docket No. 162.) The Defendants argue that,:

> [u]pon information and belief, extensive additional discovery will shortly be forthcoming from the Government, in support of the substantial number of new charges which have been added in the Second Superceding Indictment, and in light of the addition of an additional defendant, Markita Johnson. This discovery must be reviewed by the defendants and their counsel to determine the applicability of pretrial motions and to prepare for trial. In other words, in order to allow for effective representation of defendants . . . , the undersigned defendants extend the motion cut-off date . . . by at least 30 days, to at least December 17, 2012.

(Docket No. 162, at 5–7.)

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs. For the reasons that follow, this Court **DENIES** (1) the Motion to Reassign Case to Judge Presiding Over Companion Case; (2) the Motion for Stay of Proceedings; and (3) the Motion to Extend Motion Cut-off, Plea Cut-Off, and Trial Dates.

2

Eastern District of Michigan, Local Criminal Rule 57.10(b)(4) states:

Companion Cases.

> (A) Companion cases are those cases in which it appears that:
>
>> (i) substantially similar evidence will be offered at trial, or
>>
>> (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.
>
> (B) Counsel, including the United States Attorney, or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the criminal case cover sheet.
>
> (C) When it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.

Eastern District of Michigan, Local Criminal Rule 57.10(b)(4).

The Defendants misinterpret Eastern District of Michigan, Local Rules 57.10. It is not mandatory nor is it applicable in this action. This is a criminal action involving various defendants who allegedly engaged in Conspiracy to Possess with Intent to Distribute Cocaine, Cocaine Base and Marijuana. (Docket No. 160, at 1–3.) Orlando Gordon is separately charged with Operating a Continuing Criminal Enterprise. (*Id.* at 1–2.) All of the other counts in the Second Superceding Indictment are related to the investigation surrounding the alleged criminal conspiracy to distribute cocaine, cocaine base and marijuana alleged in Count II of the Second Superceding Indictment, which references the Government's forfeiture claims. (*Id.* 4–11.)

The Defendants assertion that this criminal matter should be referred to the other judges who are handling the related civil forfeiture actions resulting from the Government's execution of the

search warrant in this action is absurd. Both of the civil actions referenced by the Defendants in their Motion to Sever have been stayed pending the outcome in the ongoing criminal investigation and/or related criminal proceedings in this action. *See United State v. Currency $516,366, et al*, Case No. 08-CV-12575, Docket No. 14; *United States v. Assorted Jewelry Valued at $28,500, et al.,* Case No. 11-CV-13073, Docket No. 27. The dockets in those cases do not suggest that the parties have even engaged in any substantial discovery.

Furthermore, Local Criminal Rule 57.10(b)(4)(C) states that: "[w]hen it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, ***upon consent of the Judge having the earlier case number***, the Judge shall sign an order reassigning the case to the Judge having the earlier case number." Eastern District of Michigan, Local Criminal Rule 57.10(b)(4)(C). The plain language of that rule asserts that it is not mandatory, instead District Court Judge George Caram Steeh and District Court Judge Avern Cohn have to consent to the reassignment. The Defendants are now making this request after the parties have engaged in substantial discovery and the trial date is less than a month away. The Defendants have had more than ample opportunity to make this request. Therefore, the Court **DENIES** the Motion to Reassign Case to Judge Presiding Over Companion Case.

With regard to Defendants Orlando Gordon and Darnell Easterling's Motion For Stay of Proceedings, the Defendants are aware that "[t]he Government and the Defendants [had] until November 19, 2012, to file all other motions [that were not related to the GPS tracking issue]." (Docket No. 152, at 1.) The Defendants filed their Motion for Stay of Proceedings on December 11, 2012. (Docket No. 232.) Because of the reasons that this Court denied the Motion to Reassign Case to Judge Presiding Over Companion Case, this Court, accordingly, **DENIES** the Motion For

Stay of Proceedings as moot and untimely.

Finally, with regard to the Motion to Extend Motion Cut-Off, Plea Cut-Off, and Trial Dates, this action has been pending since January 10, 2012, when the Government issued its original Indictment. (Docket No. 3.) During that time, the Defendants have been given several adjournments and extensions of time to file motions.

On February 3, 2012, District Court Judge Stephen J. Murphy III initially set the final pretrial conference for March 5, 2012, at 2:00 p.m. (Docket No. 110, at 2.) Trial was set to commence on March 22, 2012. (*Id.*) After the final pretrial conference was held, Judge Murphy issued an order adjourning the case and setting the final motion cut-off date for October 1, 2012. (Docket No. 119.)

After this action had been re-assigned to this Court, an order was entered extending the motion cut-off date to October 9, 2012. (Docket No. 145.) As that deadline approached, the Defendants requested additional time to file motions at a hearing held on October 5, 2012, which this Court granted. Accordingly, the motion cut-off date was extended to November 5, 2012, on the record. A motion hearing was set for November 9, 2012. (Docket No. 149.)

At a status conference held on November 5, 2012, the Defendants, yet again, requested an additional 30 days to file their motions. (Docket No. 152.) The Court extended the motion cut-off date to November 19, 2012. (*Id.*) The Court also extended the date to file motions relating to the GPS tracking issue to December 12, 2012. (*Id.*)

The Defendants have been given more than ample time to file their dispositive and non-dispositive motions and to prepare for trial. Accordingly, the Court **DENIES** the Motion to Extend Motion Cut-Off, Plea Cut-Off, and Trial Dates.

**CONCLUSION AND ORDER**

**IT IS ORDERED** that the Defendants' Motion to Reassign Case to Judge Presiding Over Companion Case [Docket No. 161]; Motion to Extend Motion Cut-Off, Plea Cut-Off, and Trial Dates [Docket No. 162]; and the Motion for Stay of Proceedings [Docket No. 232] are **DENIED**. Accordingly, the other defendants joinders/concurrences in the aforementioned motions are also **DENIED**.

**IT IS SO ORDERED**.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: December 12, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 12, 2012, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager