UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.                                      Case No. 11-cr-20752

Orlando Gordon, et al.,               Sean F. Cox
                                            District Court Judge

        Defendants.
_____/

## ORDER
## DENYING WITHOUT PREJUDICE DEFENDANT ORLANDO GORDON'S MOTION TO SEVER [DOCKET NO. 167]

On November 19, 2012, Defendant Orlando Gordon filed his Motion to Sever [Docket No. 167], requesting that he be tried in a separate proceeding because, among other things, the co-defendants in this action are charged with crimes involving drug distribution and firearm possession. Gordon asserts that being tried with the "other alleged co-conspirators will be extremely prejudicial [to his case]." (Docket No. 167, at 2, ¶ 5.)

A hearing was held on December 12, 2012, to address this issue. At that hearing, this Court denied that motion without prejudice. Counsel for Orlando Gordon stated that he anticipated filing a reply brief, but this Court recognizes that "a reply brief supporting a non-dispositive motion must be filed within 7 days after service of the response, but not less than 3 days before oral argument." Eastern District of Michigan, Local Rule 7.1(e)(2)(C). At this time, Defendant Gordon has not filed a reply.

1

Federal Rule of Criminal Procedure 14(a) provides a defendant with an avenue for relief from a prejudicial joinder:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a).

Defendant Orlando Gordon asserts that "co-defendants D-2, Vince Shivers; D-5 Darren Terry, D-12 Courtney Stricklan[d] and D-13, Benjamin Carter, are charged in counts 3, 4, 5, and 6 with firearms and ammunition charges that [he] . . . is not charged in. [As a result,] [h]e [contends that he] will be seriously prejudiced by being required to stand trial with these co-defendants." (Docket No. 167, at 2, ¶ 3.) He further contends that, [w]hile the government's evidence will show that some of the co-defendants were indeed involved in distributing drugs, the government's evidence that [he] was involved [in that activity] . . . is highly speculative. This will inevitably result in the admission of other evidence that would be more prejudicial than probative . . . , and would deprive him of a fair trial." (*Id.* at ¶ 6.)

This Court holds that, under Federal Rule of Criminal Procedure 14(a), justice does not require severance of Defendant Orlando Gordon and the other defendants who have joined this motion. Defendant Orlando Gordon is charged with Operating a Continuing Criminal Enterprise; Conspiracy to Possess with Intent to Distribute Marijuana, Cocaine, and Cocaine Base; Distributing and Aiding and Abetting the Distribution of Marijuana; Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substance Act; and Conspiracy to Launder Monetary Instruments. (Docket No. 160, at 1–4, 6–9.) The fact that Defendants D2, Vince Shivers; D-5, Darren Terry and D-13, Benjamin Carter have also been charged with Felon in

Possession of a Firearm is inapposite. (*Id.* at 4–5.) The prejudice of addressing those charges in this action, if any, is minimal. Likewise, the fact that D-13, Benjamin Carter is charged with Distribution of Crack Cocaine and that many of the other defendants have also been charged with Conspiracy to Possess with Intent to Distribute Marijuana, Cocaine, and Cocaine Base does not suggest that Defendant Orlando Gordon or that the other defendants who joined in or concurred with his motion should be severed from this action. (*Id.* at 2–3, 6–7.) Instead, it has the opposite effect. Many of those charges relate to the alleged conspiracy in this action. Furthermore, there is nothing unique about the circumstances of the conspiracy alleged in this action that requires severance. The other defendants who have joined in this motion have not pointed to anything that would suggest that they would be unfairly prejudiced by remaining as defendants in this action.

**IT IS ORDERED** that Defendant Orlando Gordon's Motion to Sever [Docket No. 167] is **DENIED**. Likewise, this Court also **DENIES** all the other defendants' motions that join in or concur with Defendant Orlando Gordon's Motion to Sever.

**IT IS SO ORDERED**.

                S/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated: December 17, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 17, 2012, by electronic and/or ordinary mail.

                S/Jennifer McCoy
                Case Manager