UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States,

          Plaintiff,

v.                                         Case No. 11-cr-20752

D-1, Orlando Gordon, et al.,       Sean F. Cox
                                                  District Court Judge

          Defendants.
_____/

**ORDER
REGARDING (1) MOTION FOR GOVERNMENT AGENTS AND LAW
ENFORCEMENT OFFICERS TO RETAIN ROUGH NOTES [DOCKET NO. 168];(2)
MOTION REGARDING VOIR DIRE PROCEDURES [DOCKET NO. 169]; AND (3)
MOTION FOR DISCOVERY OF PROGRESS REPORTS [DOCKET NO. 173]**

On November 19, 2012, Defendant Orlando Gordon filed a "Motion for Government Agents and Law Enforcement Officers to Retain Rough Notes," requesting that this Court "enter an Order requiring all government agents, and law enforcement officers who have investigated the charges in this and related cases, to retain and preserve all rough notes, rough drafts, tape recordings, memoranda and worksheets taken as part of their investigation notwithstanding the fact that the contents of said notes are now or may be later incorporated in official records or reports." (Docket No. 168, at 1–2.)

On November 19, 2012, Defendant Orlando Gordon filed a "Motion for Discovery: Progress Reports Required by Orders Authorizing Electronic Surveillance; Inventories Required by 18 U.S.C. Sec. 2518(8)(d) for all Orders Authorizing Electronic Surveillance; Records of Electronic Surveillance Minimization; Orders and Supporting Documentation Authorizing Pen Register

Surveillance; and For Discovery of Records of Pen Register Surveillance" (hereinafter referred to as "the Motion for Discovery of Progress Reports"). (Docket No. 173.) In that motion, Defendant Gordon requests the following:

(1) the 10 day Progress Reports, concerning the electronic surveillance orders;

(2) all the inventories under 18 U.S.C. § 2518(8)(d);

(3) all records showing any effort on the part of law enforcement to minimize the intrusion of the electronic surveillance of a phone number, described in that motion, used by Defendant Orlando Gordon under 18 U.S.C. § 2518(5); **and**

(4) copies of the orders authorizing Pen Registry surveillance.

(*Id.* at 1–5.)

On November 19, 2012, Defendant Orlando Gordon filed a "Motion Regarding Voir Dire Procedures." (Docket No. 169.) That motion requests, among other things, individual voir dire of jurors, access to jury questionnaires prior to voir dire, and the use of a "supplemental juror questionnaire." (*Id.* at 1–3.)

A hearing was held on the aforementioned motions on December 12, 2012. At that hearing, the parties stated on the record that the issues regarding the Motion for Government Agents and Law Enforcement Officers to Retain Rough Notes [Docket No. 168] and the Motion for Discovery of Progress Reports [Docket No. 173] have been resolved.

With regard to the Motion for Government Agents and Law Enforcement Officers to Retain Rough Notes [Docket No. 168], the parties agreed that the Government will review all the existing rough notes, that pertain only to individuals who will testify at trial, and compare them to information in written reports provided to the defendants during discovery in this action. The Government shall provide any rough notes to the defendants, who filed this motion or joined in this

motion, that contain information that is either supplemental or in addition to what has been recorded in reports or that is inconsistent with the information in reports provided to the defendants as part of the discovery process.

Likewise, the parties resolved the issues in the Motion for Discovery of Progress Reports [Docket No. 173] at the December 12, 2012, hearing. The Government has provided the Defendants, who filed or joined in that motion, with all the documents requested, except for the electronic surveillance inventories under 18 U.S.C. § 2518(8)(d). The Government shall provide those inventories to all the defendants.

Finally, with regard to Defendant Orlando Gordon's request for voir dire, this Court allows individual voir dire of potential jurors in criminal trials. The parties will be informed of the date to submit their proposed voir dire as these proceedings progress. Therefore, this issue is moot. Regarding Defendant Orlando Gordon's request to use a supplemental jury questionnaire and to have access to the jury selection questionnaires, this Court does not see a need for either of these requests. There is nothing unique or complex about this case nor has there been extensive media coverage or other circumstance warranting these requests. Whether or not a juror has strong reactions about drugs or drugs distribution and the other crimes alleged in the Second Amended Indictment is something that can be resolved during voir dire. Therefore, this Court denies those requests.

**IT IS ORDERED** that the Government shall provide:

(1) any rough notes to the defendants, who filed the Motion for Government Agents and Law Enforcement Officers to Retain Rough Notes [Docket No. 168] or joined in that motion, that contain information, pertaining only to individuals who will testify at trial, that is either supplemental or in addition to what has been recorded in reports or that is inconsistent with the information in reports provided to the Defendants as part of the discovery

> process; **and**
>
> (2) surveillance inventories, Re: Motion for Discovery of Progress Reports [Docket No. 173].

This Court **DENIES** the Motion Regarding Voir Dire Procedures [Docket No. 169]. Voir dire will be conducted by the parties as the trial progresses. That issue is, therefore, moot. With regard to all the defendants who joined this motion, their requests are **DENIED**, as well.

    **IT IS SO ORDERED**.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: December 18, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 18, 2012, by electronic and/or ordinary mail.

    S/Jennifer McCoy  
    Case Manager