UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.                                                           Case No. 11-cr-20752

Orlando Gordon, et al.,                  Sean F. Cox
                                                                District Court Judge

        Defendants.
_____/

## OPINION AND ORDER
## DENYING DEFENDANT ORLANDO GORDON'S MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION [DOCKET NO. 174]

On November 19, 2012, Defendant Orlando Gordon filed a "Motion for Disclosure of Impeaching Information" [Docket No. 174.]. That motion requests the following:

(1) Any and all records and information revealing felony convictions, guilty verdicts or juvenile adjudications of each witness (a) to be called by the Government at the trial, (b) who testified before any grand jury concerning this case, or (c) who furnished oral or written statements during the investigation of this case (hereinafter jointly referred to as 'government witnesses'), including but not limited to relevant 'rap sheets'.

(2) Any and all records and information revealing prior misconduct or bad acts attributed to each government witness.

(3) Any and all consideration or promise of consideration given to or on behalf of each government witness. By 'consideration,' Movant refers to anything of value or use, including, but not limited to, criminal, civil or tax immunity grants; assistance or favorable treatment or recommendations with respect to any criminal, civil, tax court, court of claims, administrative or other legal dispute with the Government (state or federal), or any other parties; payments of money or fees, such as witness fees and special witness fees, provision of food, clothing, shelter, transportation or other like benefits; placement in a 'witness protection program'; and any other matter, without limitation, which could reveal an interest or bias in the witness in favor of the Government or

> against the defense, or act as an inducement to testify, to color testimony, or to refuse to discuss testimony or facts with defense counsel.
>
> (4) The existence and identification of each occasion on which each government witness has testified before any court, grand jury, and other tribunal or body, and/or otherwise narrated the details of this investigation, or the facts of this case.
>
> (5) Any and all other information and records which are helpful or useful to the defense in impeaching a government witness, or otherwise detracting from the probative force of the Government's evidence, or which could lead to discovery of such records or information, or which is material either to guilt or punishment of Movant.

(Docket No. 174, at 1–2, ¶¶ 1–5.)

Defendant Orlando Gordon contends that the Jenks Act, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), Federal Rule of Criminal Procedure 16, and several legal treatises and texts require the disclosure of the aforementioned information. (*Id.* at 4–10.) The Government counters that it "recognizes its obligations and will timely provide *Brady* and *Giglio* material – and, for that matter, any other Rule 16 materials that become known to the government – as required. There is no need for any action by the Court." (Docket No. 220, at 1–2.)

Defendant Orlando Gordon's requests are premature. Regarding the timing of disclosures, the Sixth Circuit held that "so long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial," the defendant suffers no violation of his constitutional rights. *United States v. Presser*, 844 F.2d 1275, 1283–84 (6th Cir.1988). "[D]ue process requires only that disclosure of exculpatory material be made in sufficient time to permit the defendant to make effective use of that material at trial. The Government will fulfill its constitutional obligation by disclosure at trial unless the defendant can establish that presentation of his defense was so prejudiced that he was prevented from receiving his constitutionally

guaranteed fair trial." *United States v. Farley*, 2 F.3d 645, 654 (6th Cir. 1993) (citing *Presser*, 844 F.2d at 1284). "The [Sixth Circuit] has made it clear that while the *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure. If it fails to comply adequately with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." *Presser*, 844 F.2d at 1281.

Likewise, the Jencks Act precludes the disclosure of impeachment evidence at this stage. *Id.* at 1283 ("The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial."); *see also* 18 U.S.C. § 3500(a) ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case ."). "[Neither] *Giglio* nor *Bagley* alter the statutory mandate, under the Jencks Act, that any 'statement' in the government's possession related to the subject matter of a government witness's testimony shall not 'be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." *Id.* (citing 18 U.S.C. 18 U.S.C. § 3500(a)).

Here, the Government represents that it will comply with its disclosure obligations under the Jenks Act, Rule 16, *Giglio*, and *Brady* in time for effective use at trial. "The Court will not compel pre-trial discovery where, as here, the Government has conceded that it is aware of its obligations under Rule 16, *Brady*, and *Giglio*; and Defendant fails to establish that any of these rules require disclosure of the requested material at this time. As the Sixth Circuit stated in *Presser*, 'the

3

prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial."' *United States v. Pegross*, Case No. 05-90949, 2007 WL 1771542, at *2 (citing *Presser*, 844 F.2d at 1281). Defendant Orlando Gordon offers no argument or authority suggesting that he will not receive a constitutionally guaranteed fair trial if his discovery requests are not granted. Moreover, the Court finds the treatises and texts that Defendant Orlando Gordon offers unpersuasive. Accordingly, the Court **DENIES** Defendant Orlando Gordon's Motion for Disclosure of Impeaching information.

**IT IS ORDERED** that Defendant Orlando's Motion for Disclosure of Impeaching Information is **DENIED**. Accordingly, the other defendants' joinders/concurrences in that motion are also **DENIED**.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 20, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 20, 2012, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager