UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States,

       Plaintiff,

v.                                             Case No. 11-cr-20752

D-1, Orlando Gordon, et al.,          Sean F. Cox
                                                   United States District Court Judge

       Defendants.
_____/

## ORDER
## DENYING DEFENDANT ORLANDO GORDON'S MOTION FOR RECONSIDERATION [DOCKET NO. 304]

The matter is before the Court on Defendant Orlando Gordon's Motion for Reconsideration of Opinion and Order Issued February 5, 2013, Denying Orlando Gordon's Motion to Suppress Physical Evidence Purposely Seized on February 11, 2008, Allegedly Pursuant to a Search Warrant Which Was Executed At 31020 McKinney Drive, Franklin, MI. (Docket No. 304.)

Motions in criminal cases are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan governing motions in civil cases. *See* Eastern District of Michigan, Local Criminal Rule 12.1(a). Local Rule 7.1 states:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but

1

also show that correcting the defect will result in a different disposition of the case. *See* Eastern District of Michigan, Local Criminal Rule 7.1(h)(3).

A motion for reconsideration does not afford a movant an opportunity to present the same issues that have been already ruled on by the court, either expressly or by reasonable implication. A review of Gordon's motion for reconsideration shows that his motion presents the same issues ruled upon by the Court. Gordon has essentially reproduced his brief in support of his Motion to Suppress Physical Evidence Purposely Seized on February 11, 2008, Allegedly Pursuant to a Search Warrant Which Was Executed At 31020 McKinney Drive, Franklin, MI. [Docket No. 164] (hereinafter referred to as Gordon's motion to suppress"), providing arguments that the Court has already addressed. Gordon failed to demonstrate a palpable defect. He has failed to show that correcting the defect will result in a different disposition of the case. This Court is not convinced by the case law that Gordon cites and the arguments that he presents in his motion for reconsideration that its decision was made in error.

Finally, with regard to the last issue discussed in Gordon's motion for reconsideration (i.e., whether the officers who executed the search warrant failed to leave a copy of the return at the scene of the search and never filed a copy of the tabulation with the Third Circuit), the Court, once again, points out, as it has done in two prior orders [Docket No. 287; Docket No. 290, at 18–19.], that Gordon never raised this argument in his motion to suppress. Instead, Gordon raised this argument in his reply brief to the Government's response to Gordon's motion to suppress.

Accordingly, **IT IS ORDERED** that Gordon's motion for reconsideration [Docket No. 304]

is **DENIED**.

    **IT IS SO ORDERED.**

<pre>
                                             S/Sean F. Cox                    
                                             Sean F. Cox
                                             United States District Judge
</pre>

Dated: February 20, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 20, 2013, by electronic and/or ordinary mail.

<pre>
                         S/Jennifer McCoy                   
                         Case Manager
</pre>