UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States,

      Plaintiff,

v.                                                             Case No. 11-cr-20752

Orlando Gordon, et al.,                           Sean F. Cox
                                                                United States District Court Judge

      Defendants.
_____/

## **ORDER REGARDING RULE 44 HEARING**

Defendants Darren Terry and Ervin Vincent are represented by attorneys from the same law firm. Anthony T. Chambers and Stephon E. Johnson represent Darren Terry and Ervin Vincent, respectively. Mr. Chambers and Mr. Johnson were appointed by the Federal Public Defenders' Office under the Criminal Justice Act.

Rule 44(c) of the Federal Rules of Criminal Procedure provides as follows in cases of joint representation:

(c) Inquiry Into Joint Representation.

    (1) Joint Representation, Joint Representation occurs when: . . .

        (B) the Defendants are represented by the same counsel, or counsel who are associated in law practice.

    (2) Court's Responsibilities in Cases of Joint Representation. The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

FED. R. CRIM. P. 44(c).

Joint representation in any criminal case presents the potential for a conflict of interest. Accordingly, the Court is required to "promptly inquire" even if counsel does not raise the issue and to "take appropriate measures to protect each defendant's right to counsel."

When considering requests for joint representation, the Sixth Circuit held that:

> [a]ppropriate measures include obtaining a waiver of the right to conflict-free counsel from the defendant." United States v. Osborne, 402 F.3d 626, 631–35 (citing FED. R. CRIM. P. 44(c) Advisory Committee Notes (1979 Amendment)). If a court decides to remedy any concerns over a potential conflict of interest by obtaining a waiver from the co-defendants, then Rule 44 and its advisory notes dictate the type of waiver which the court should secure. Primarily, the court must be convinced that the defendants understand the rights being waived and the consequences of the waiver of those rights. FED. R. CRIM. P. 44(c) Advisory Committee Notes (1979 Amendment). The court must personally address each defendant and inform him or her of the potential hazards of representation by a single attorney, as well as his or her right to separate representation. *Id.* The court must assure itself that the defendants understand the nature and consequences of joint representation. Most significantly, the court should seek to elicit a narrative response from each defendant that he has been advised of his right to effective representation, that he understands the details of his attorney's possible conflict of interest and the potential perils of such a conflict, that he has discussed the matter with his attorney or if he wishes with outside counsel, and that he voluntarily waives his Sixth Amendment protections. FED. R. CRIM. P. 44(c) Advisory Committee Notes (1979 Amendment) (citation omitted).

*United States v. Osborne*, 402 F.3d 626, 631 (6th Cir. 2005).

As stated above, any defendant, who proposes to waive possible conflicts of interest resulting from joint representation, must do so on the record and under oath. The Court should seek to elicit "a narrative response from each defendant that he has been advised of his right to effective representation, that he understands the details of his attorney's possible

conflict of interest and the potential perils of such a conflict, that he has discussed the matter with his attorney or if he wishes with outside counsel, and that he voluntarily waives his Sixth Amendment protections." *Id.* (citing FED. R. CRIM. P. 44(c) Advisory Committee Notes (1979 Amendment) (citation omitted)).

In appropriate situations a court may disqualify an attorney despite a defendant's proposed waiver of the right to conflict-free counsel, even if the waiver is voluntary, knowing and intelligent. *See Wheat v. United States*, 486 U.S. 153, 163 (1988) ("district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses").

In order to allow joint representation, the Court must be convinced that the Defendants were provided with sufficient information to execute a "knowing, intelligent, and voluntary" waiver of their rights. *Osborne*, 402 F.3d at 632.

Accordingly, a hearing was held at 3:00 p.m. on Wednesday, February 20, 2013, in order to so advise the defendants in person as required by Rule 44(c), and for this Court to consider any proposed waiver of the right to separate counsel.

At that hearing, under oath, Defendant Ervin Vincent stated that he discussed the issue of conflict in this action and his right to separate counsel with his attorney, Stephon Johnson. Defendant Ervin Vincent stated that does not waive his right to separate counsel. Defendant Ervin Vincent thereafter requested the Court appoint him new counsel.

Under oath, Defendant Darren Terry stated that he discussed the potential conflict in this action and his right to separate counsel with his attorney, Anthony Chambers. Defendant Darren Terry stated that he wished to waive any conflict and his right to separate counsel.

Furthermore, Anthony Chambers asked Defendant Darren Terry whether he was aware that Mr. Chambers may face disciplinary action before the Michigan Bar Association for his conduct in an unrelated matter(s). Mr. Chambers further inquired whether Defendant Darren Terry knew that a formal order may soon be issued in that action and whether he and Defendant Darren Terry previously discussed the implications of that action, as well as the potential effect it may have on his ability to represent Defendant Darren Terry.

Defendant Darren Terry responded that he was aware of those proceedings and the possible disciplinary action that may soon follow, as well as the effect it may have on Mr. Chambers ability to represent him in this action. Defendant Darren Terry stated that he still wanted Anthony Chambers to continue to represent him in this action.

Thereafter, Anthony Chambers apprised the Court that he is currently representing Darren Terry in a related action before District Court Judge Battani in *United States* v. *Cook, et al.*, Case No. 2:10-cr-20667, (filed on March 21, 2011), dealing with some of the same evidence that the Government will offer in this action, which was one of the reasons why Defendant Darren Terry wants him to continue to represent him in this action.

**IT IS ORDERED** that Defendant Ervin Vincent's request for appointment of new counsel is **GRANTED**. Accordingly, Stephon Johnson shall no longer represent Defendant

Ervin Vincent **after Friday, February 22, 2013**. New counsel shall be appointed for Defendant through the Federal Defenders' Office.

**IT IS FURTHER ORDERED** that Anthony Chambers shall continue his representation of Defendant Darren Terry in this action.

**IT IS SO ORDERED.**

                                        S/Sean F. Cox
                                        Sean F. Cox
Dated: February 21, 2013           United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 21, 2013, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager