UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.                                      Case No. 11-cr-20752

D-1, Orlando Gordon,               Sean F. Cox
                                         United States District Court Judge

       Defendant.
_____/

## OPINION AND ORDER
## DENYING DEFENDANT ORLANDO GORDON'S MOTION FOR
## RECONSIDERATION [DOCKET ENTRY NO. 310]

Before the Court is Defendant Orlando Gordon's ("Gordon") "Motion for Reconsideration

of Opinion and Order Issued February 7, 2013 (Docket Entry 297), Denying Orlando Gordon's

Motion to Suppress Fruits of Electronic Surveillance (Docket No. 179)" (hereinafter referred to as

"the Motion for Reconsideration"). (Docket No. 310.)

Motions in criminal cases are governed by Local Rule 7.1 of the Local Rules of the Eastern

District of Michigan governing motions in civil cases. *See* Eastern District of Michigan, Local

Criminal Rule 12.1(a). Local Rule 7.1(h)(3) states:

> **Grounds**. Generally, and without restricting the court's discretion, the court will not
> grant motions for rehearing or reconsideration that merely present the same issues
> ruled upon by the court, either expressly or by reasonable implication. The movant
> must not only demonstrate a palpable defect by which the court and the parties and
> other persons entitled to be heard on the motion have been misled but also show that
> correcting the defect will result in a different disposition of the case.

1

*See* Eastern District of Michigan, Local Rule 7.1(h)(3).

Around the end of October and early November 2012, the Government disclosed that it used GPS devices on several vehicles allegedly driven by some of the defendants in this action. (Docket Entry Nos. 153-1, 153-2.) On November 7, 2012, Defendant Vince Shivers' filed his "Motion to Compel Disclosure of GPS Tracking Documents and Reports" ("the Motion to Compel"), which requests various disclosures related to law enforcement's use of the GPS devices during the investigation into this matter, including any activity logs or reports describing law enforcement's use of the GPS information and the inspection of the actual GPS devices. (Docket Entry No. 153.) In his Motion to Compel, Shivers relied on the Supreme Court's decision in *United States v. Jones*, __ U.S. __,132 S.Ct. 945, 181 L.Ed.2d 911 (2012), which held that the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a search under the Fourth Amendment. (*Id.*) Instead of filing their own separate motions, several of the defendants, including Gordon, joined in and/or concurred with Shiver's Motion to Compel. (*See* Docket Entry Nos. 155, 170, 172, 175, 180, 182, 185, 200.) Those motions do not contain any additional argument or authority.

In response to Shiver's Motion to Compel, the Government asserted that there are no records, logs or notes regarding when the information from the GPS devices was used and/or extrapolated from those devices. (Docket Entry No. 222.) The Government, instead, provided a list of the vehicles on which the GPS devices were attached, as well as an approximation of the dates when the devices were attached to those vehicles and a list of the agents and/or officers who participated in attaching those devices. (*Id.*)

On December 12, 2012, Gordon filed his "Motion to Suppress Fruits of Warrantless GPS

Surveillance." (Docket Entry No. 236.) In Gordon's Motion to Suppress Fruits of Warrantless GPS Surveillance, he contends that *Jones* requires that "all the evidence seized as a result of the illegal GPS surveillance, as well as all fruits of the surveillance, should be suppressed." (*Id.* at 8.) Again, instead of filing their own separate motions, some of the defendants joined in and/or concurred with Gordon's motion, including Shivers. (Docket Entry Nos. 255, 274, 276.)

In the Motion for Reconsideration, Gordon contends that he needs the information that Shivers requested in his Motion to Compel to provide further argument in support of his "Motion to Suppress Fruits of Electronic Surveillance Obtained Pursuant to Multiple Tracking Orders" [Docket Entry No. 179] (hereinafter referred to as "the Motion to Suppress the Fruits of Electronic Surveillance") because he "may well discover that this evidence contradicts allegations made in the text of the affidavits submitted purporting to show probable cause justifying the electronic surveillance." (Docket Entry No. 310, at 3.) He further elaborated that "had the Judges who were asked to issue the warrants authorizing electronic surveillance been informed of the ongoing GPS tracking surveillance, these Judge may well have decided there was no necessity for electronic surveillance, and, exercising their discretion, have decided to deny the warrants." (*Id.* at 3 4.)

The Court previously denied Gordon's Motion to Suppress Fruits of Warrantless GPS Surveillance, holding that Gordon and Shivers lacked standing to challenge the placement of the GPS devices on any of the vehicles in this action and that the good faith exception to the exclusionary rule applied to the officers' use of the GPS devices. (Docket Entry No. 319.) The Court also previously denied Shivers' Motion to Compel because that information was no longer relevant to this action because the Court denied Gordon's Motion to Suppress. (Docket Entry No. 320.)

In Gordon's Motion for Reconsideration, he contends that "various motions and affidavits submitted to obtain the warrants authorizing the electronic surveillance failed to mention anything about the ongoing GPS tracking surveillance of Mr. Orlando Gordon and various co-defendants." (Docket Entry No. 310, at 3.) Gordon's assertion is incorrect. The Government's use of GPS tracking devices on vehicles was disclosed several times in the affidavits. *See* Government's Response to [179] Motion to Suppress Fruits of Electronic Surveillance Obtained Pursuant to Multiple Tracking Orders, and Requests for an Evidentiary Hearing, Ex. 20, Order 8/15/2010, GOR-003273; Ex. 22, Order 10/15/2010, GOR-003358; Ex. 24, Order 11/17/2010, GOR-003461 to GOR-003462. An except from an affidavit by Patrick Browne, a task force officer, states as follows:

> Tracking devices have been used to assist surveillance efforts concerning motor vehicles. However, tracking devices cannot, by themselves, accomplish the goals of this case. Even if tracking devices were installed on all vehicles relevant to this investigation, physical surveillance is still required to confirm who is operating the vehicle and the people who are meeting with the operator, and such physical surveillance also risks compromising the investigation. Moreover, it is difficult to utilize trafficking devices on all vehicles used by drug trafficking organizations in general, and the [alleged drug trafficking organization in this action] . . . specifically, for numerous reasons . . . .

*See Id.* at Ex. 22, Order 10/15/2010, GOR-003358.

A reviewing court assesses the wiretap warrant application "on the totality of the circumstances and in a reasonable and common sense manner." *United States v. Alfano*, 838 F.2d 158, 161 62 (6th Cir.1988) (noting that "[t]he basic standards for a wiretap are similar to those for a search warrant") (citing *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)); *United States v. Sims*, 2012 WL 6200261, at *5 6 (Dec. 12, 2012 6th Cir. 2012). A reviewing court affords "great deference" to the issuing judge's determination of the circumstances at the time of issuance. *Alfano*, 838 F.2d at 162.

The District Court Judges, who issued the wiretap warrants in this action, had probable cause based on the affidavits and other supporting documents. Gordon has not provided any argument or authority suggesting otherwise. He has not demonstrated a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled or that correcting the defect will result in a different disposition of the case. In his Motion to Suppress Fruits of Electronic Surveillance, Gordon provided little argument to support his assertion that the wiretap warrants were not issued with probable cause. In general, the wiretap affidavits were very detailed and provided extensive information concerning the defendants' alleged involvement in drug trafficking. The fact that the District Court Judges may or may not have reconsidered issuing the wiretap warrants if they had additional information is irrelevant to whether or not they had probable cause at the time they issued the warrants.

Accordingly, **IT IS ORDERED** that Gordon's Motion for Reconsideration [Docket No. 310] is **DENIED**.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 14, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager