UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.                                                      Case No. 11-cr-20752

D-1, Orlando Gordon,                        Sean F. Cox
                                                        United States District Court Judge

        Defendant.
_____/

## ORDER REVOKING BOND AND REMANDING DEFENDANT GORDON TO CUSTODY

On January 10, 2012, the Government filed the original Indictment in this action. In the Indictment, Defendant Orlando Gordon ("Gordon") was charged with (1) Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, Cocaine, and Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) Criminal Forfeiture in violation of 21 U.S.C. § 853. (Docket Entry No. 3, at 1–4.)

The Bail Reform Act of 1984 authorizes the Court to order pretrial detention, "if the judicial officer find that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Furthermore, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person

1

committed . . . an offense for which a maximum term of imprisonment of ten years or more [as] . . . prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(A), (f)(1).

Here, the crime of Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, Cocaine, and Cocaine Base carries with it a penalty of 10 years to life in prison. (Docket Entry No. 29; Docket Entry No. 349.) Neither party disputes that this is a presumption case under 18 U.S.C. § 3142.

On January 10, 2012, Gordon appeared for a detention hearing before Magistrate Judge Laurie J. Michelson. Gordon was subsequently released on an unsecured bond with a number of conditions described in the Order Setting Conditions of Release, including Gordon ***must*** (1) "not violate any federal, state or local law while on release," (2) "refrain from use or unlawful possession of a narcotic drug or other controlled substances," (3) "submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance," and (4) "refrain from . . . excessive use of alcohol." (Docket Entry No. 30.)

On November 14, 2012, a Second Superceding Indictment was filed, charging Gordon with (1) Continuing Criminal Enterprise in violation of 21 U.S.C. § 848; (2) Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, Cocaine, and Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 846; (3) Distribution of Marijuana & Aiding and Abetting the Distribution of Marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (4) three counts of Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substance Act in violation of 21 U.S.C. § 843(b); (5) Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(I) and § 1956(h); and (6) Criminal Forfeiture in violation of 21 U.S.C.

§ 853. (Docket Entry No. 160.)

On February 28, 2013, the Government filed the "Government's Combined Motion and Brief to Revoke Defendant's Bond." (Docket Entry No. 317.) In its motion, the Government contends that, while on bond, "Gordon has engaged in criminal conduct that endangers the community - - from driving while intoxicated to assault and home invasion. These criminal acts show that no set of conditions can reasonably assure the safety of the community and Gordon's bond should be revoked." (*Id.* at 5.) The Government attached two police reports to its motion, charging Gordon with (1) Driving on a Suspended License, (2) Open Container/Liquor Transport, (3) Home Invasion, and (4) Simple Assault. (Docket Entry No. 317-2; Docket Entry No. 317-3.)

The Court scheduled a hearing to address this matter for **11:00 a.m.** on **March 12, 2013**. (Docket Entry No. 318.) That hearing was continued to **9:00 a.m.** on **March 25, 2013**.

On March 22, 2013, a "Fifth Superceding Information" was filed charging Gordon with (1) Conspiracy to Possess with Intent to Distribute Marijuana, Cocaine, and Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) Structuring Currency Transaction in violation of 31 U.S.C. § 5324(a)(3). (Docket Entry No. 346.)

The circumstances where a person released under 18 U.S.C. § 3142 is charged with violating the conditions of his or her release is governed by 18 U.S.C. § 3148. If a person is found to have violated the conditions of release, that person can have their release revoked and an order of detention can be entered. Where such an allegation is made, a hearing should be conducted and if, after the hearing, it is determined that (1) there is probable cause to believe that a crime has been committed or (2) clear and convincing evidence that another violation has been committed, <u>and</u>,

there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, <u>or</u>, the person is unlikely to abide by any condition or combination of conditions of release, the person "shall" be detained. § 3148(b)(1) and (2). Additionally, if there is probable cause to believe that the person has committed a felony while on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of any other person or the community. *Id*.

Mr. John Royal, Gordon's attorney, advised the Court that Gordon previously tested positive for marijuana use before Pretrial Services, which occurred sometime after his first arraignment in this action.

Furthermore, the Government entered into evidence two police reports, which were previously attached to the Government's motion to revoke Gordon's bond. The reports were marked as Government Exhibits 1 and 2.

Government Exhibit 1 is a police report authored by Officer Kurt Corradi of the Berkley Police Department. The occurrence date is listed as September 23, 2012. Officer Corradi testified that he was the arresting officer in that matter. He further testified that he prepared Government Exhibit 1 and that the factual recitations in his report were accurate.

Officer Corradi originally stopped Gordon for failing to stop at a stop sign. During the traffic stop, Gordon smelled of alcohol. Furthermore, a red solo cup and what appeared to be spilt liquor were between the seats of his vehicle. After the vehicle was impounded, an open bottle of Hennessy was found behind the rear seat of the vehicle.

Government Exhibit 2 is a police report. The incident occurrence date is marked February 24, 2013.

Officer Eric Buckberry is an officer with the Farmington Hills Police Department. He testified that he prepared Exhibit 2, and that he reviewed that document before testifying. With regard to the charges in that report, which included (1) Simple Assault and (2) Home Invasion, Gordon stated, on the record, that he pleaded guilty to misdemeanor domestic violence and misdemeanor malicious destruction of property.

For the reasons more fully stated on the record and based upon the evidence presented, the Court holds that there is probable cause to believe that crimes have been committed, as well as clear and convincing evidence that violations of the Order of Probation have been committed. The Court holds that there is no condition or combination of conditions of release that will assure the safety of any other person or the community. Based on Gordon's history of violating the conditions of his probation, it is unlikely that he will continue to abide by any condition or combination of conditions of release.

Accordingly, **IT IS ORDERED** that the bond previously set in this matter is **REVOKED** and that Defendant Orlando Gordon is hereby remanded to the custody of the United States Marshal.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 25, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on

5

March 25, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager